IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOHAMED MOHAMMED HUSSEIN,           CV. 07-1432-PK

                                                   FINDINGS AND
                                                   RECOMMENDATION

                     Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION
and UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                     Defendants.

_____

PAPAK, Magistrate Judge:

This action was filed against defendants Federal Bureau of Investigation (the "FBI") and

United States Citizenship and Immigration Services ("USCIS") by plaintiff Mohamed

Mohammed Hussein on September 26, 2007, seeking expedition of his application to become a

naturalized citizen of the United States. This court has jurisdiction over the matter pursuant to

Page 1 - FINDINGS AND RECOMMENDATION

28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (the Mandamus and Venue Act of 1962).

Before the court is defendants' motion to dismiss (#9) pursuant to Federal Civil Procedure Rule 12(b)(1) or, in the alternative, Rule 12(b)(6). The court has considered defendants' motion and all of the pleadings on file. For the reasons set forth below, this court concludes that despite Hussein's failure to plead any jurisdictional grounds it nevertheless has jurisdiction over Hussein's claim, but agrees with defendants that Hussein has not stated a claim on which relief can be granted. On that latter basis, the court recommends that Hussein's complaint be dismissed without prejudice.

## APPLICABLE LEGAL STANDARDS

### I.    Subject Matter Jurisdiction

In considering a facial attack on subject-matter jurisdiction, in which a defendant challenges the sufficiency of a pleading to establish jurisdiction in the federal courts, this court accepts the allegations in the complaint as true and views them in the light most favorable to the plaintiff. *See*, *e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. . . [and] need not presume the truthfulness of the plaintiff's allegations." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by

Page 2 - FINDINGS AND RECOMMENDATION

presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g.*, *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)*; Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (citation omitted). However, where no other court has the power to hear the case, dismissal with prejudice is appropriate. *See id.*

The complaint of a *pro se* plaintiff is to be construed liberally when analyzing subject matter jurisdiction. *Wolfe*, 392 F.3d at 362.

## II.    Failure to State a Claim

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

However, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987). In addition, in civil rights cases involving a plaintiff proceeding *pro se*, the federal courts construe pleadings liberally and afford plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988).

## FACTUAL BACKGROUND

## I.    Facts That May Be Considered in Connection with Defendants' Motion Generally

Hussein, an immigrant to this country from Somalia, has resided in the United States since August 2000. Hussein applied for lawful permanent resident status in April 2002, and received his Permanent Resident Card November 27, 2006. On January 16, 2007, Hussein filed

Page 4 - FINDINGS AND RECOMMENDATION

an N-400 application with defendant USCIS to become a naturalized citizen of the United States.
As of the date hereof, no decision has issued on his citizenship application.

II.      **Facts That May Be Considered in Connection with Defendants' Factual Challenge
         to this Court's Subject Matter Jurisdiction Only**

In compliance with its statutory obligation to perform personal investigation of
citizenship applicants, USCIS initiated an FBI fingerprint check, a name check against watch
lists maintained by the Department of Homeland Security's Interagency Border Inspection
System ("IBIS"), and an FBI name check on Hussein.  The FBI fingerprint check and the IBIS
name check have since been completed.  However, the FBI name check, initiated by USCIS
January 23, 2007, and acknowledged as received by defendant FBI January 31, 2007, has not yet
been completed.  USCIS audits Hussein's file on a weekly basis to determine whether a response
to the FBI name check has been received.

Although it is not clear that Hussein's application is eligible for expedited processing,
procedures for requesting expedition are available to him.  Nevertheless, Hussein has not yet
formally requested expedited processing of his application.

## ANALYSIS

I.      **Request for Assistance of Counsel**

In his opposition to defendants' motion, Hussein requests that this court assign counsel to
assist Hussein in prosecuting this action.  Because this court lacks authority to appoint counsel in
civil actions, Hussein's request for assistance of counsel is denied.

II.      **Subject Matter Jurisdiction**

Defendants' Rule 12(b)(1) motion can be construed as articulating both a facial and a
factual challenge to this court's subject matter jurisdiction.

## A.    Facial Challenge

Federal Civil Procedure Rule 8 provides, in relevant part, as follows:

> A pleading that states a claim for relief must contain. . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support. . . .

Fed. R. Civ. P. 8(a)(1).  A facial attack to a court's subject matter jurisdiction challenges the adequacy of that "short and plain statement" to support jurisdiction, assuming the truth of the statement.

Hussein's complaint contains no express statement of the grounds for this court's jurisdiction.  Defendants' facial challenge is therefore well taken.  Ordinarily, with a *pro se* plaintiff, this court would recommend that the plaintiff be granted a period of time during which further proceedings on defendants' motion would be stayed, in order to permit the plaintiff an opportunity to cure the defects of his pleading by amendment.  However, this court concludes that amendment of the pleading would be futile because, as discussed below, Hussein has not stated a claim on which relief can be granted.  In consequence, Hussein's complaint should be dismissed without prejudice.

## B.    Factual Challenge

Defendants offer the affidavit of USCIS' Nebraska Service Center Director H. Gerard Heinauer in support of their factual challenge to this court's jurisdiction.  Although Hussein has filed a document opposing defendants' motion to dismiss, he does not provide any affidavit of his own or other evidence in refutation of defendants' evidence.  Indeed, although Hussein suggests in his opposition papers that he "is willing" and "can" prove various factual assertions, the facts he professes himself able to prove have already been accepted by defendants as true.  This court

can therefore treat the factual assertions contained in Hussein's opposition brief as though attested to under oath without materially impacting the analysis of defendants' factual challenge.

Under the Immigration and Nationality Act of 1952 (the "INA"), codified at Title 8 of the United States Code, "[t]he sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."  8 U.S.C. § 1421(a).  The INA provides, however, that the district courts may take jurisdiction over naturalization proceedings under three sets of circumstances.  First, a district court may review an adverse naturalization decision, provided that the applicant first requests administrative review of the decision and receives a hearing before an immigration officer.  *See* 8 U.S.C. § 1421(c).  Second, a district court may make a determination on a naturalization application or remand the application for further proceedings upon petition by an applicant who has waited not less than 120 days following completion of the USCIS' examination of the applicant without receiving a determination.  *See* 8 U.S.C. § 1447(b).  Third, and of least relevance here, once a favorable decision has issued on a naturalization application, a district court may administer the oath of allegiance requisite to accepting United States citizenship.  *See* 8 U.S.C. § 1421(b)(1).

In addition, the Mandamus and Venue Act of 1962 (the "MVA") grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

Similarly, the Administrative Procedures Act[1] ( the "APA") allows district courts to

---

[1]  The provisions of the APA do "not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."  *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  However, an independent ground for jurisdiction exists under 28 U.S.C. § 1331,

compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Although the applicability of the APA to proceedings subject to the INA is subject to question,

*see Ardestani v. INS*, 502 U.S. 129, 133-134 (1991), *citing Marcello v. Bonds*, 349 U.S. 302

(1955), some courts have nevertheless found that the APA permits the federal courts to exercise

jurisdiction over claims that USCIS has unreasonably delayed the processing of a naturalization

application, *see, e.g., Yue Yu v. Brown*, 36 F. Supp. 2d 922, 928, 933 (D.N.M. 1999); *Wong Sze

v. INS*, 1997 U.S. Dist. LEXIS 10822, *15-16, *16 n. 3 (N.D. Cal. 1997). This court need not

decide whether *Ardestani* forecloses application of the APA here, because the relief available

under the MVA is essentially indistinguishable from that available under the APA, and because

the same principles and standards are applicable under both statutes. *See, e.g., Independence

Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997)*; Hernandez-Avalos v. INS*, 50

F.3d 842, 844 (10th Cir. 1995).

For the reasons that follow, this court concludes that Hussein has pled ultimate facts

which, construed liberally, give rise to subject matter jurisdiction over his claim under both the

MVA and, assuming *arguendo* its applicability, the APA.

### 1.    INA

It is undisputed that USCIS has not yet made a decision, whether favorable or adverse, on

Hussein's naturalization application. This court thus does not have jurisdiction over Hussein's

claim pursuant to either 8 U.S.C. § 1421(b)(1) or 8 U.S.C. § 1421(c).

Hussein does not dispute defendants' evidence that USCIS is still awaiting results from

---

which grants federal district courts jurisdiction over "all civil actions arising under the
Constitution, laws, or treaties of the United States."

the FBI name check initiated in January 2007.  Until the results of this investigation are received

by USCIS, its examination of Hussein's fitness for citizenship cannot be completed.  Hussein

therefore cannot avail himself of this court's jurisdiction pursuant to 8 U.S.C. § 1447(b).

**2.    MVA and APA**

As noted above, the Mandamus and Venue Act grants federal district courts "original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

Defendants note, correctly, that the courts of the Ninth Circuit apply mandamus "to compel a

federal official to perform a duty *only* if:  (1) the individual's claim is clear and certain; (2) the

official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt,

and (3) no other adequate remedy is available."  *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir.

2003) (emphasis supplied), *citing Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).  Defendants

argue that, here, Hussein has failed to establish that the first and third requirements have been

met, in that USCIS is precluded from adjudicating Hussein's application until the FBI name

check has been completed, and in that Hussein has failed to exhaust administrative remedies, and

on that basis conclude that this court lacks subject matter jurisdiction under the MVA.

Defendants' conclusion is, however, ill-founded:  defendants' arguments go to the *merits* of

Hussein's potential claim under the MVA, not to the *jurisdictional basis* of an MVA action.

Hussein has alleged that defendants have unreasonably delayed performance of a

mandatory duty owed to him.  Under the MVA, that is sufficient to confer subject matter

jurisdiction on this court.  28 U.S.C. § 1361.

Defendants do not address with particularity whether this court may also exercise federal

Page 9 - FINDINGS AND RECOMMENDATION

question jurisdiction over this matter based on allegations giving rise to a claim under the

Administrative Procedures Act.  As noted above, however, assuming *arguendo* that the APA

may be applied to agency inaction in processing an N-400 application, Hussein's allegations that

defendants have unreasonably delayed performance of a mandatory duty owed to him give rise

to a claim under the APA, *see* 5 U.S.C. § 706(1), over which this court has subject matter

jurisdiction, *see* 28 U.S.C. § 1331.

**III.    Failure to State a Claim**

As noted above, this court's jurisdiction to consider Hussein's claim either stems from the

Mandamus and Venue Act or from the federal question raised by the Administrative Procedures

Act.  Also as noted above, relief under the MVA is available where "(1) the individual's claim is

clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed

as to be free from doubt, and (3) no other adequate remedy is available."  *Kildare*, 325 F.3d at

1084.  Here, it is undisputed that USCIS has a nondiscretionary duty to adjudicate Hussein's N-

400 application within a reasonable time.  *See*, *e.g.*, *Fraga v. Smith*, 607 F. Supp. 517, 521 (D.

Or. 1985).

Under the APA, the courts may compel "agency action unlawfully withheld or

unreasonably delayed."  5 U.S.C. § 706(1).  The courts of the Ninth Circuit consider the six

"so-called TRAC factors" when determining the reasonableness of agency delay.  *Independence*

*Mining Co.*, 105 F.3d at 507.  Those factors are the following:

> (1) the time agencies take to make decisions must be governed by a rule of
> reason, (2) where Congress has provided a timetable or other indication of the
> speed with which it expects the agency to proceed in the enabling statute, that
> statutory scheme may supply content for this rule of reason, (3) delays that might
> be reasonable in the sphere of economic regulation are less tolerable when human
> health and welfare are at stake, (4) the court should consider the effect of

expediting delayed action on agency activities of a higher or competing priority, (5) the court should also take into account the nature and extent of the interests prejudiced by delay, and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (citations, internal quotation marks omitted).

Thus, to prevail on a claim brought under either statute, Hussein will be obliged to establish that he has experienced unreasonable delay in receiving a response to his naturalization application. What constitutes a reasonable time for adjudicating an immigration application necessarily depends on the particular facts of each application. *See*, *e.g.*, *Yue Yu*, 36 F. Supp. 2d at 935, *Fraga*, 607 F. Supp. at 522. In connection with Hussein's application, this court notes that the FBI name check at issue here is likely complicated by how common each element of plaintiff's name is among natives of Arabic-speaking nations.

In *Wong Sze*, 1997 U.S. Dist. LEXIS 10822, a seven-month failure to adjudicate several plaintiffs' naturalization applications was held not to be unreasonable where the delays were "largely attributable to short-term factors such as increased applicants, recent changes to [applicable] processing rules, and the fallout from the FBI's recent relocation of its facilities," and where a court order would "at best, reorder the queue of applications, thereby leading to little net benefit." *Wong Sze*, 1997 U.S. Dist. LEXIS 10822, *25, *26. In *Alkenani v. Barrows*, 356 F. Supp. 2d 652 (D. Tex. 2005), the court found that a fifteen-month delay was not unreasonable where, as here, the evidence showed that "the immigration service is still awaiting the results of a . . . 'name check[]' on petitioner." *Alkelani*, 356 F. Supp. 2d at 657. The court noted that the check was "just one of more than 600 name checks [then] being processed by the

Page 11 - FINDINGS AND RECOMMENDATION

FBI." *Id.* In dicta, the *Alkelani* court stated that:

> Without deciding how long of a delay may be "too long," the court notes that decisions from other jurisdictions suggest that delays approximating two years may be unreasonable. *See*, *e.g. Paunescu*[ *v. INS*], 76 F. Supp. 2d [896,] 902 [(D. Ill. 1999)] (2 year delay); [*Yue*] *Yu*, 36 F. Supp.2d at 935 (2 1/2 year delay); *Agbemaple*[ *v. INS*], 1998 U.S. Dist. LEXIS 7953, [*6-7] (20 month delay).

*Id.*, n.6.

After review of the relevant cases and in light of the totality of the circumstances pled in Hussein's complaint, this court finds that Hussein has not yet suffered an unreasonable delay in awaiting a response to his naturalization application. While there can be no bright-line demarcation between reasonable and unreasonable delay, a delay of less than approximately two years is not unreasonable where, as here, the FBI name check is likely to be particularly time-intensive. Because unreasonable delay is necessarily an element of Hussein's claim for relief, this court recommends that defendants' motion to dismiss pursuant to Rule 12(b)(6) be granted without prejudice. Hussein may refile his complaint in the event the complained-of delay persists for an unreasonable period.

## CONCLUSION

For the reasons set forth above, this court recommends that defendants' motion to dismiss (#9) be granted, and a judgment entered dismissing this case without prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due February 29, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections

are filed and the review of the Findings and Recommendation will go under advisement on that

date.

    Dated this 14th day of February, 2008.


                              /s/  Paul Papak
                              Honorable Paul Papak
                              United States Magistrate Judge